# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Steven J Darnell,<br><br>                    Plaintiff,<br><br>v.<br><br>Starbucks Corporation,<br><br>                    Defendant. | Case No. 2:22-cv-01268-RFB-BNW<br><br>**ORDER re ECF No. 22 and REPORT AND RECOMMENDATION re ECF No. 5** |

Before the Court is Plaintiff Steven J Darnell's Motion to Amend ECF No. 22. Defendant Starbucks Corporation opposed at ECF No. 23, and Plaintiff replied at ECF No. 24.

Also before the Court is Plaintiff's Motion to Remand. ECF No. 5. Defendant opposed at 7, and Plaintiff replied at 10.

For the reasons discussed below, the Court, in its discretion, grants Plaintiff's motion to file a Second Amended Complaint in part and solely to allow him to substitute the name for the Doe Employee I Defendant. In granting the Motion to Amend so that Plaintiff may substitute a named Defendant for "Doe Employee I," the Court acknowledges that there is no longer diversity between the parties. Therefore, the Court recommends that the case be remanded for lack of subject-matter jurisdiction. *See* 28 USC § 1447(c).

**I.      Plaintiff's Motion to Amend (ECF No. 22)**

   **A.      Parties' Arguments**

Plaintiff seeks leave to amend the complaint to substitute the name for a Doe Defendant.[1] ECF No. 22 at 4. He argues that all five factors weigh in favor of granting amendment. *Id.*; *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[1] In his motion to amend, Plaintiff also asks the Court to remand the case to state court. ECF No. 22 at 4. As Plaintiff is aware, the Local Rules require parties to file a separate document for each type of relief requested. *See* LR IC 2-2(b). Nonetheless, Plaintiff has already filed a motion to remand that is ripe for disposition (at ECF No. 5). Although

1

Defendant disagrees. Its position is that amendment would be futile because it "does not satisfy the plausibility pleading standard" and would also prejudice Defendant by extending the discovery period. ECF No. 23 at 2. It further argues that Plaintiff has previously amended his complaint and "yet failed to cure the alleged defect." *Id*.

In his reply, Plaintiff submits that amendment would not be futile because he is simply seeking to substitute the name for the Doe Defendant. ECF No. 24 at 6. He further argues that he—not Defendant—would be prejudiced if amendment is denied. *Id*. at 13–16. According to Plaintiff, Defendant has been on notice of this Doe Defendant and has intentionally withheld the employee's identity for several months. *Id*. Finally, Plaintiff asserts that his prior amendment was "not to cure a legal deficiency but as a matter of right before a responsive pleading had been filed" and, thus, this factor weighs in favor of amendment. *Id*. at 16.

**B.     Legal Standard**

Under Fed. R. Civ. P. 15, a party may amend his complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15(a) is very liberal, and "[t]he court should freely give leave when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that courts should "heed" Rule 15's mandate to freely give leave to amend when justice so requires).

Accordingly, leave is generally granted unless the court harbors concerns "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182; *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ("Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint.").

---

the Court recommends granting Plaintiff's motion to remand (filed at ECF No. 5), the undersigned denies Plaintiff's request for remand in his motion to amend (filed at ECF No. 22).

2

"A district court abuses its discretion by denying leave to amend where the complaint's deficiencies could be cured by naming the correct defendant." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (citations omitted).

**C.     Analysis**

Here, it is clear that Plaintiff seeks leave to amend solely to identify the Doe Defendant as Ashley Tenchavez.

There is no evidence that Plaintiff's proposed amendment is made in bad faith. Nor that he has been dilatory in seeking amendment. In fact, Plaintiff filed this motion before the deadline to amend pleadings.[2] He also filed this motion shortly after learning the Doe Defendant's name through the discovery process.

The Court also finds that granting amendment would not cause undue delay in the proceedings, as discovery is ongoing. *See Mays v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the United States & Canada*, No. 3:16-CV-00914-AC, 2017 WL 4002720, at *3 (D. Or. Aug. 8, 2017), *report and recommendation adopted sub nom. Mays v. United Ass'n of Journeymen*, No. 3:16-CV-00914-AC, 2017 WL 4002707 (D. Or. Sept. 8, 2017) ("When considering a leave to amend, the court will look at whether granting the amendment will cause undue delay in the proceedings, as well as whether the filing itself was timely.") (citation omitted).

Moreover, there is no evidence that amendment would be futile. Defendant argues that the Court should evaluate Plaintiff's proposed amendment under Fed. R. Civ. P. 12(b)(6). ECF No. 23 at 4–7. Defendant is correct. However, here, Plaintiff is not seeking to amend any legal claims or, as Defendant submits, "modify a theory." ECF No. 23 at 7. Rather, he is simply seeking to

---

[2] Per the scheduling order, "Motions to amend pleadings and add parties shall be filed no later than ninety (90) days before the close of discovery: **February 8, 2023.**" ECF No. 15 at 2 (emphasis in original). Plaintiff initially filed this motion on February 4, 2023. ECF No. 20. After the Court denied it for failure to meet and confer with defense counsel (ECF No. 21), Plaintiff refiled the motion with a meet-and-confer certification on February 7, 2023. ECF No. 22.

1  substitute the name of the Doe Defendant. Defendant's arguments, while not without merit, are
2  better served for a motion to dismiss.
3        Additionally, there is no showing of undue prejudice to Defendant. Defendant argues that
4  granting amendment would extend the discovery period and thus result in additional costs. But this
5  does not constitute undue prejudice. According to Plaintiff, the Doe Defendant's identity only
6  came to light after the first amended complaint was filed and during the course of discovery.
7  Moreover, discovery has not yet closed. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d
8  708, 712 (9th Cir. 2001) (holding that an amendment does not cause undue prejudice when it
9  causes "no delay in the proceedings and require[s] no additional discovery").
10       Finally, Plaintiff's previous amendment weighs in favor of granting his motion to amend.
11 Although Defendant is correct in noting that Plaintiff amended his complaint once before, he did
12 this before serving Defendant and before Defendant answered. ECF No. 22-3; ECF No. 24 at 17–
13 18. Further, Plaintiff initially amended his complaint to add Doe Defendant Employee I. ECF No.
14 22-3. And he now seeks to substitute the name for this Doe Defendant after learning her identity
15 through the discovery process.
16       For these reasons, the Court grants Plaintiff's motion to file a Second Amended Complaint
17 to substitute Ashley Tenchavez for the identity of Doe Employee I. *See Wakefield v. Thompson*,
18 177 F.3d 1160, 1163 (9th Cir. 1999) (holding that "'where the identity of the alleged defendant is
19 not known prior to the filing of a complaint, the plaintiff should be given an opportunity through
20 discovery to identify the unknown defendants, unless it is clear that discovery would not uncover
21 the identities, or that the complaint would be dismissed on other grounds'") (quoting *Gillespie v.
22 Civiletti,* 629 F.2d 637 (9th Cir. 1980)) (internal brackets omitted); *see also Crowley*, 734 F.3d at
23 978 ("A district court abuses its discretion by denying leave to amend where the complaint's
24 deficiencies could be cured by naming the correct defendant.") (citations omitted).
25 //
26 //
27 //
28

## II. Plaintiff's Motion to Remand (ECF No. 5)

### A. Parties' Arguments

Plaintiff moves to remand this case, arguing that Defendant Starbucks has failed to establish that this Court has subject-matter jurisdiction. ECF No. 5 at 1, 3. Plaintiff explains that Defendant Starbucks removed this case to federal court under 28 U.S.C. § 1332. *Id*. at 3. However, another Defendant—the Doe Employee Defendant—is a citizen of Nevada and, thus, there is no diversity jurisdiction under 28 U.S.C. § 1332. *Id*. at 3, 5.

Defendant counters that it and Plaintiff are citizens of different states, and the Court cannot consider the fictitious defendant's citizenship. ECF No. 7 at 2–4. It, therefore, submits that the Court has diversity jurisdiction over this action. *See id*.

Plaintiff replies that Defendant simply is withholding the name of the fictitious defendant to maintain diversity and, once the Doe Defendant's identity is revealed, diversity will no longer exist. ECF No. 10 at 2. As such, Plaintiff moves the Court to *sua sponte* remand this case to state court once Doe Defendant's identity is revealed. *Id*. at 3.

### B. Legal Standard

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may only exercise jurisdiction when authorized by the Constitution or a statute. *Id*. There is a presumption that the federal court lacks jurisdiction. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006).

A defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction." 28 U.S.C. § 1441. However, it bears the burden of establishing that removal is proper. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *see also DaimlerChrysler Corp.*, 547 U.S. at 342 n.3 ("[T]he party asserting federal jurisdiction when it is challenged has the burden of establishing it.").

Original jurisdiction in the form of diversity jurisdiction exists where there is complete diversity and the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Caterpillar Inc. v.*

*Lewis*, 519 U.S. 61, 68 (1996). Individuals are considered "at home" for purposes of diversity jurisdiction in their place of domicile where they "reside with the intention to remain." *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of the state where it is incorporated and has its principal place of business. *Breitman v. May Co. Calif.*, 37 F.3d 562, 564 (9th Cir. 1994).

In determining whether there is complete diversity, "district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). And "[i]f there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve these doubts in favor of remanding the action to state court." *Sandoval v. Republic Servs., Inc.*, No. 218CV01224ODWKSX, 2018 WL 1989528, at *2 (C.D. Cal. Apr. 24, 2018). Finally, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**C. Analysis**

Here, it is clear that Plaintiff and the corporate Defendant have complete diversity. Plaintiff is a citizen of Nevada, and Defendant Starbucks is a citizen of Washington. However, whether diversity exists turns on the fictitious defendant.

As noted above, the parties disagree on whether the Court can consider the Doe Defendant's citizenship.[3] *Compare* ECF No. 5 at 5 *with* ECF No. 7 at 2–4. Although Defendant properly cites to the general rule that the Court should not consider a fictitious defendant's citizenship, "'when a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as the company's agent, the court *should* consider the citizenship of the fictitious defendant.'" *Collins v. Garfield Beach CVS,*

---

[3] Defendant does not raise any argument of fraudulent joinder, and the Court sees no indication of the same. *See Indep. Towers of Washington v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003) (citing *Greenwood v. Fed. Aviation Admin.,* 28 F.3d 971, 977 (9th Cir. 1994) (stating that courts cannot "manufacture arguments" for litigants). In the same vein, the Court finds 28 U.S.C. § 1447(e) inapplicable, as Plaintiff is not seeking to join *additional* defendants. Rather, he is simply seeking to *name* a previously identified Doe Defendant (namely the employee who allegedly served him a coffee on the day of the alleged incident).

6

*LLC*, Case No. CV 17–3375 FMO (GJSx), 2017 WL 2734708, at *2 (C.D. Cal. 2017) (quoting *Brown v. TranSouth Fin. Corp.*, 897 F. Supp. 1398, 1401 (M.D. Ala. 1995)) (emphasis in original). This consideration should take place "when a named defendant knew or should have known the fictitious defendant's identity because that defendant *employed* the fictitiously named defendant." *Sandoval*, 2018 WL 1989528, at *3 (citing *Collins,* 2017 WL 2734708, at *2) (emphasis in original). "As a matter of policy, it is 'unfair to force plaintiffs from their state court forum into federal court by allowing [a defendant] to plead ignorance about the defendant-employee's identity and citizenship when [a corporate defendant] is in a position to know that information.'" *Id.*

Here, Plaintiff's complaint gave a "definite clue" about Doe Defendant Employee I's identity by providing the specific Starbucks store where she worked as a barista and the date she was employed by Starbucks. Thus, Defendant Starbucks knew or should have known her identity because it employed her.[4] Further, Plaintiff's Second Amended Complaint, which the Court has now determined to be the operative complaint, identifies the Doe Defendant's identity and citizenship. Even if the Court were to accept Defendant Starbuck's argument that Ashley Tenchavez, the identified Doe Defendant, may only be a resident—not a citizen—of Nevada, it must resolve any doubts regarding the existence of subject-matter jurisdiction in favor of remanding the matter to state court. *Sandoval*, 2018 WL 1989528, at *2, 4 (holding that fictitious defendant's "residency and status as a [w]orker . . . at Defendants' California location indicates his place of domicile is likely California, further confirming that diversity jurisdiction does not exist in this instance").

In short, the Court finds that Ashley Tenchavez, former Doe Defendant Employee I, must be considered for purposes of diversity jurisdiction. It also finds that Defendant Starbucks has not established that Plaintiff and Ms. Tenchavez have diversity of citizenship. For these reasons, the Court finds that it does not have original jurisdiction over this action. *See Collins*, 2017 WL 2734708, at *1–2 ("When a defendant knew or should have known of the fictitious defendant's

---

[4] The Court is not making any findings regarding whether Starbucks intentionally withheld this information.

7

identity, because [that person] was employed by [defendant] and acted as an agent in the events giving rise to the suit, and that individual is not diverse from the plaintiff, removal jurisdiction should be declined.") (citation and internal quotation marks omitted). It therefore recommends remanding this action to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III.  Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff Steven J Darnell's Motion to Amend (ECF No. 22) is GRANTED IN PART and DENIED IN PART. It is granted to the extent that Plaintiff can amend the complaint to substitute the identity of Doe Employee I as Ashley Tenchavez.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to detach and file Plaintiff's Second Amended Complaint (at ECF No. 22-1).

**IT IS FURTHER ORDERED** that Plaintiff's Second Amended Complaint shall serve as the operative complaint.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Remand (ECF No. 5) be GRANTED.

### IV.  Notice

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within 14 days of being served with it. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 10, 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE